## Case No. 15,323.

### UNITED STATES v. HASTINGS.

[5 Cranch, C. C. 115.] [1]

Circuit Court, District of Columbia. April 21, 1837.

#### CRIMINAL LAW—NEW TRIAL.

After a sentence of imprisonment has been in part executed, the court will not rescind it and grant a new trial, although moved for at the same term, it being doubtful whether the court has the power to do so.

Indictment for stealing wood from General Van Ness, of the value of seventy-five cents. The defendant [James Hastings] was found guilty on the 7th of April, 1837, in the absence of CRANCH, Chief Judge, and immediately sentenced to be imprisoned one month and to pay a fine of one dollar, the jury having recommended him to mercy and his counsel having waived the usual delay of four days, given to move in arrest of judgment or for a new trial. On the 10th of April, 1837, his counsel filed a motion for a new trial founded upon the uncertainty of the evidence, and upon affidavits discrediting the principal witness, Samuel Martin. On motion of the district attorney, a day was given to obtain affidavits to sustain the credit of the witness. On the —— day of April, the motion was heard, and a new trial refused. CRANCH, Chief Judge, saying that he did not think the grounds stated in the affidavits to be sufficient, but not giving any opinion as to the merits of the case as it appeared upon the trial, as he was not then present.

The motion was now (April 19th) renewed upon a strong representation of many of the most respectable men in Georgetown, as to the good character of the defendant.

CRANCH, Chief Judge, and THRUSTON, Circuit Judge, were of opinion that a new trial might be granted, but MORSELL, Circuit Judge, did not concur.

Mr. Key, the district attorney, doubted whether the court has the power to rescind a judgment partly executed and grant a new trial. The defendant has been imprisoned under the sentence ever since the 7th of April, and cannot be tried again. When the judgment is recorded it cannot be altered by the court. It is in civil cases only that judgments are under the control of the court during the term. 1 Chit. Cr. Law, 700, 722, 724, 726.

April 21st, Mr. Hoban, for defendant, moved the court to rescind the residue of the sentence.

---

1 [Reported by Hon. William Cranch, Chief Judge.]

Mr. Key did not object, except as to the costs.

Mr. Hoban cited 1 Chit. Cr. Law, 722; Rex v. Loveden, 8 Term R. 615; 2 Hawk. P. C. c. 48, § 20; Redding's Case. T. Raym. 376.

THE COURT (THRUSTON, Circuit Judge, absent) remitted the remaining part of the sentence of imprisonment, but not as to the costs.

THE COURT had previously (nem. con.) refused a new trial, having great doubt of their power to rescind the sentence after it was in part executed. CRANCH, Chief Judge, however, was inclined to the opinion that the court had the power to do so, and to grant a new trial.